371 A.2d 884

**Norman K. McDANEL**

v.

**Evelyn C. McDANEL, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 17, 1975.

Decided March 31, 1977.

Richard A. Leuthold, Warren, for appellant.

H. Robert Hampson, Warren, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

WATKINS, President Judge:

This is an appeal from the order and decree of the Court of Common Pleas of Warren County, sitting in equity, by which the court directed that the defendant-appellant, Evelyn McDanel, pay to the plaintiff-appellee, Norman K. McDanel, the sum of $2,749.53, representing one-half of a savings account deposited in the Warren National Bank.

The plaintiff-husband and the defendant-wife were married on June 2, 1962. At the time of the marriage the defendant owned a savings account at the Warren National Bank. In November, 1963, the defendant went to the bank and had plaintiff's name added to the account. Defendant brought home a bank signature card, had her husband sign it, and returned it to the bank.

The plaintiff also had several assets held in his name alone converted to joint property. This included the transfer of a home into both names, as well as, the transfer of a checking account to both names. This was done in February of 1963.

In July of 1968 the parties experienced marital difficulties which resulted in divorce on February 9, 1970. In October of 1968 the plaintiff closed out the checking account and the defendant went to the bank and had her husband's name removed from the joint account. She closed out the account on December 3, 1968 at which time the balance amounted to $5,499.07.

On July 14, 1971, the plaintiff filed an action in equity seeking an accounting with respect to the savings account. Plaintiff's position is that the savings account was joint property and as such he was entitled to one-

half of the value of the account. The defendant denied that it was a joint account, alleging that she never intended to give one-half of the account to him but that its purpose was solely for convenience.

A hearing was held on December 8, 1971. At the hearing the defendant showed that the plaintiff never contributed anything to the savings account and stated that she never intended a gift of one-half of the fund to the plaintiff.

On November 6, 1972, the Chancellor entered an order and decree in plaintiff's favor awarding $2,749.52 of the joint account to him. In the order the court stated that it had considered the testimony produced at the hearing "and also testimony given at prior hearings which was relevant to the matter of ownership of said savings account". In her brief the defendant contends that there were no prior hearings on the matter and that the only other hearing between the parties took place on October 5, 1972 which was subsequent to the hearing in the instant case but prior to the court's order and decree of November 6, 1972. The only record before this court is the hearing held on December 8, 1971.

As an appellate court we can consider only that testimony which appears of record. It is apparent from the Chancellor's order and decree that it considered other testimony, not a part of the record before us, in arriving at his determination. This was erroneous and since we have no method of determining the nature of such testimony, we cannot determine the merits, but must remand the case to the court below for completion of the record to include all relevant testimony taken at hearing and considered by the Chancellor. Upon completion of the record the case should be returned to us for this court's determination of the merits.

Remanded to the court below for proceedings consistent with this opinion.